ROACH et al. v. FRANZLE et al.—268 S. W. (2d) 118.

Middle Section. October 30, 1953.

Petition for Certiorari denied by Supreme Court, April 16, 1954.

McReynolds & Marks, of Clarksville, and Manier, Crouch, Manier & White, of Nashville, for plaintiff in error.

Denny, Leftwich & Glasgow, of Nashville, for defendant in error.

HOWELL, J. This is a damage suit growing out of an accident which occurred on the night of February 7, 1950, on Madison Street in Clarksville, Tennessee, when the plaintiffs' deceased, Robert Cook Roach, a gentleman eighty-six years of age, was struck while crossing Madison Street by an automobile being driven by the defendant Joe E. Franzle.

The defendants filed pleas of not guilty and the case was heard by the trial Judge and a jury in the Circuit

Court of Davidson County. The Judge granted a motion of the defendants to direct a verdict in their favor upon the third count of the declaration which sued for damages for the death of Mr. Roach.

The case was submitted to the jury upon the first two counts of the declaration which sought damages for the injuries sustained by the deceased.

The jury returned a verdict for the defendants and the plaintiffs by proper procedure have appealed in error to this Court and have assigned a number of errors which we will not discuss separately.

From the record it appears that the deceased, a man in fairly good health for his age, but whose hearing was impaired and who lived on Madison Street in Clarksville between Tenth and Eleventh Avenues, was crossing the street after dark in front of his home in violation of Section 2687 of the Code, when struck by the car of the defendants. This Code Section is in part as follows:

"Every pedestrian crossing a road, street or highway within a business or residence district at any point other than a pedestrian crossing, crosswalk, or intersection, shall yield the right of way to vehicles upon such road, street or highway."

Mr. Roach was taken to a hospital in a semi conscious condition and suffering from shock and lacerations of his scalp, where he remained about ten days and was then returned to his home. About three months thereafter and on May 18, 1950, he fell in the walkway in front of his home, suffered a broken leg and was again taken to the hospital where later he was operated upon. He did not recover from this operation and died on June 17, 1950.

The case was submitted to the jury on the counts of the

declaration charging the negligence of the defendants and seeking damages for personal injuries.

■ The verdict of the jury, approved by the trial Judge found for the defendants.

There was ample evidence to support the verdict of the jury.

■ It is insisted that the trial Judge erred in not permitting Doctors Alexander F. Russell and V. H. Griffin to testify as to the cause of Mr. Roach's death. In view of the finding of the jury upon the counts of the declaration as to his injuries and the fact that the jury found for the defendants, we cannot say that the action of the trial Judge in ruling upon the objections to this testimony of the doctors affected the verdict in any way. The jury found that the defendant was not liable and this finding would have applied to the third or death count in the declaration as well as to the two counts as to the injuries sustained by the deceased. We cannot say that if the ruling of the trial Judge was error, it was such an error as affected the result of the trial.

Code Section 10654 is as follows:

"No reversal or new trial for errors not affecting the results of the trial.—No verdict or judgment shall be set aside or new trial granted by any appellate court, in any civil or criminal cause, on the ground of error in the charge of the judge to the jury, or on account of the improper admission or rejection of evidence, or for error in acting on any pleading, demurrer, or indictment, or for any error in any procedure in the cause, unless, in the opinion of the appellate court to which application is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error com-

plained of has affected the results of the trial. (1911, ch. 32.)"

In the case of Llewellyn v. City of Knoxville, 33 Tenn. App. 632, 232 S. W. (2d) 568, 576, this Court said:

"Assignment I complains of the directed verdict for defendant on the second count—nuisance.

"We think plaintiff was entitled to have this count submitted to the jury for exactly the same reason the first count was submitted and it was error to direct a verdict. We think, however, it was harmless error for the reason that the same issues were involved on both counts and the answer of the jury had to be the same on both."

In the case of Langston v. Memphis Street Ry. Co., 14 Tenn. App. 288, the fourth syllabus is:

"In an action by a husband and wife to recover for injuries sustained in an automobile accident, where error was assigned that the jury were not properly instructed that the wife was not responsible for the negligence of her husband, held that the question of contributory negligence did not enter into the case because the jury found the defendant was not guilty of negligence and any error in the instruction upon contributory negligence was immaterial."

In this case the jury by its verdict settled all questions of negligence of the defendant and the deceased and therefore all questions of liability as set out in all the counts of the declaration. This being so the plaintiffs could not recover for the injuries sustained by the deceased and therefore had the evidence of the doctors been admitted and the third count of the declaration submitted to the jury the result must have been the same. The jury awarded no damages at all and the plaintiffs

cannot be heard to complain that the death count in the declaration was not submitted.

■ It is insisted that the trial Judge erred in charging the jury that contributory negligence on the part of the deceased would bar a recovery. The declaration alleged gross negligence and wilful and wanton disregard of the rights and safety of the deceased. An allegation of such negligence must be supported by proof and the charge of the court was based upon the proof introduced. There was no proof of any recklessness or wilful disregard of the rights of others. There was no proof of the violation by the defendant of any Statute or ordinance. Other assignments of error are directed at the charge and the Court's refusal to charge a special request.

■ We have carefully read the charge and find it substantially correct and find that the matter contained in the special request refused is fully covered in the charge. The inaccuracies in the charge, if any, did not prejudice the rights of the plaintiff and did not mislead the jury on any material issue in the case.

The assignments of error are overruled and the judgment of the trial Court dismissing the case is affirmed.

The plaintiffs will pay the costs.

Felts and Hickerson, JJ., concur.